IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**MATTIE ANITA ELAM,** **PLAINTIFF,**

**VS.** **CIVIL ACTION NO. 2:07CV212-P-A**

**PHARMEDIUM HEALTHCARE CORPORATION**
**and GARY MILLENDER,** **DEFENDANTS.**

## ORDER

This matter comes before the court upon Defendant PharMEDium Healthcare Corporation's Motion to Dismiss Complaint for Insufficient Process or, Alternatively, to Quash Service of Process Pursuant to Federal Rule of Civil Procedure 12(b)((5) [7]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The plaintiff filed her action on November 13, 2007 against PHC and Gary Millender. On that same day, PHC avers through the affidavit of David N. Jonas that PHC, a foreign corporation, withdrew from being registered to do business in Mississippi and revoked National Registered Agents, Inc.'s status as PHC's registered agent for Mississippi. Plaintiff counsel avers that she served National Registered Agent, Inc.'s assistant secretary in Jackson, Mississippi on January 3, 2008. Plaintiff counsel also states that an attorney on behalf of PHC contacted her on or about January 10, 2008 requesting an additional 30 days to file an answer to which plaintiff counsel agreed. On January 15, 2008 the Clerk of Court filed a notice that PHC had not been served.

PHC filed the instant motion on February 22, 2008, arguing that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process given that National Registered Agent, Inc. was not authorized to accept service on behalf of PHC on January 3, 2008. In her response, the plaintiff argues that the January 3, 2008 process upon

1

National Registered Agent, Inc. should suffice or she should be granted additional time to serve PHC via the Mississippi Secretary of State.

Pursuant to Fed. R. Civ. P. 4(m), the plaintiff has 120 days from the filing of the complaint to effectuate service. Rule 4(m) also states, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The court concludes that pursuant to Rule 4(m), the plaintiff has shown good cause for her failure to serve PHC. Therefore, the instant motion to dismiss should be denied and the plaintiff shall have 30 days to serve Mississippi's Secretary of State, Mr. Delbert Hoseman, on behalf of PHC.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant PharMEDium Healthcare Corporation's Motion to Dismiss Complaint for Insufficient Process or, Alternatively, to Quash Service of Process Pursuant to Federal Rule of Civil Procedure 12(b)((5) [7] is **DENIED**; and

(2) Plaintiff shall have until Thursday, May 15, 2008 by which to serve the Mississippi Secretary of State, Mr. Delbert Hoseman, on behalf of PharMEDium Healthcare Corporation.

**SO ORDERED** this the 15th day of April, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE