IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MATTIE ANITA ELAM,                                                          PLAINTIFF,

VS.                                                     CIVIL ACTION NO. 2:07CV212-P-A

PHARMEDIUM HEALTHCARE CORPORATION
and GARY MILLENDER,                                                       DEFENDANTS.

<u>ORDER</u>

This matter comes before the court upon Defendant Gary Millender's Motion to Dismiss For Lack of Jurisdiction [11]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Defendant Gary Millender moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the plaintiff's Title VII claims against him individually, arguing that he is not an "employer" within the meaning of Title VII. Mr. Millender also moves to dismiss the plaintiff's remaining state-law claims, arguing that they are speculative given that there is no employer/employee relationship between himself and the plaintiff. Alternatively, in the event the court dismisses the plaintiff's federal claims against him, Mr. Millender moves the court to decline to exercise supplemental jurisdiction and to dismiss the plaintiff's state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

The plaintiff concedes that Mr. Millender is not an "employer" within the meaning of Title VII. Therefore, the court concludes that the instant motion should be granted insofar as it seeks to dismiss the plaintiff's Title VII claims against Mr. Millender with prejudice.

Pursuant to Fed. R. Civ. P. 12(b)(6) a defendant may file a motion to dismiss a plaintiff's claim or claims for failure to state a claim upon which relief can be granted. The traditional test for ruling upon a 12(b)(6), as announced in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), is "in

1

appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." However, the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007) recently "retired" that test, stating instead that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, [and] "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action", on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

127 S.Ct. at 1964-65. (some citations omitted for clarity).

Thus, the court must determine whether the defendant has established that the plaintiff's factual allegations in her Complaint, taken as true, are enough to raise a right to relief above the speculation level regarding her state-law claims of breach of contract, tortious interference with contractual relations, negligent infliction of emotional distress, and intentional infliction of emotional distress.

Motions to dismiss are viewed with disfavor and are rarely granted. *Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir.2000). In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir.1995). The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff. *Sloan v. Sharp*, 157 F.3d

980, 982 (5th Cir.1998). "However, [the court] will not strain to find inferences favorable to the plaintiff[]." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc*., 365 F.3d 353, 361 (5th Cir.2004).

Mr. Millender's first argument is that Title VII preempts the plaintiff's state-law intentional infliction of emotional distress claim. However, as conceded by the defendant, there is no Fifth Circuit precedent, or otherwise mandatory precedent, standing for the proposition that Title VII preempts state-law tort claims against private employers and this court declines to make such a ruling.

The defendant argues next that since the plaintiff has conceded that Mr. Millender is not her employer within the meaning of Title VII, her state-law claims should be dismissed given they are premised upon an employer/employee relationship. However, the defendant cites no binding precedent for this proposition, either from the Fifth Circuit Court of Appeals or from the Mississippi Supreme Court or Court of Appeals.

The defendant further argues that pursuant to *Twombly*, the plaintiff's state-law claims are speculative and not adequately supported by factual allegations and should therefore be dismissed pursuant to Rule 12(b)(6).

Regarding the breach of contract claim, Mr. Millender maintains that he was never the plaintiff's employer and was not a party to the employment contract between the plaintiff and her employer Pharmedium Healthcare Corporation ("PHC"). Since there is no privity between himself and the plaintiff, Millender reasons, then he could not breach a contract between the plaintiff and PHC. After researching the matter, the court agrees. In *Hunt v. Preferred Risk Mutual Insurance Company*, the Mississippi Supreme Court ruled: "Where there is not privity of contract, a suit for

3

breach of contract cannot be maintained." 568 So.2d 253, 253 (Miss. 1990) (citing *Westmoreland v. Raper*, 511 So.2d 884, 885 (Miss. 1987) (overruled on different grounds)); *see also, Allgood v. Bradford*, 473 So.2d 402 (Miss. 1985) ("In order to maintain an action to enforce a breach of contract or to recover damages growing out of a breach, a relationship of privity of contract must exist between the party damaged and the party sought to be held liable for the breach."). Accordingly, the court concludes that the plaintiff's breach of contract claim against Mr. Millender should be dismissed with prejudice.

Defendant Millender contends that the plaintiff's claim for negligent infliction of emotional distress should be dismissed because the Complaint does not allege a physical injury as required by *Wilson v. General Motors Acceptance Corp.*, 888 So.2d 56, 65 (Miss. 2004). The court agrees that under Mississippi law, a plaintiff must allege a physical injury to recover for negligent infliction of emotional distress pursuant to *Wilson*. However, the Complaint states: "As a proximate consequence of the actions of Defendants Pharmedium Healthcare Corporation and Gary L. Millender, the Plaintiff was harmed" under the rubric of her negligent infliction of emotional distress claim. She does not specify whether the "harm" was physical or emotional or both. At this stage in the litigation – *i.e.*, before discovery has been completed – the court concludes that it is inappropriate to assume that "harm" does not include physical harm. Accordingly, the court concludes that the defendant's Rule 12(b)(6) motion should be denied in this regard.

As to the plaintiff's state-law claims of tortious interference with contractual relations and intentional infliction of emotional distress, the court concludes that after viewing the asserted facts in a light most favorable to the plaintiff, the defendant's Rule 12(b)(6) motion to dismiss those claims should be denied.

Finally, since the plaintiff's claims against Pharmedium Healthcare Corporation remain, the court declines to dismiss the plaintiff's state-law claims against Gary Millender pursuant to § 1367(c)(3) in the interest of judicial economy.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant Gary Millender's Motion to Dismiss For Lack of Jurisdiction [11] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion to dismiss should be denied as to the plaintiff's claims against Defendant Gary Millender for negligent infliction of emotional distress, intentional infliction of emotional distress, and tortious interference with contractual relations; and

(3) The motion to dismiss should be granted as to the plaintiff's claims against Defendant Gary Millender for quid pro quo sexual harassment, hostile work environment, retaliation, and breach of contract; therefore,

(4) The plaintiff's claims against Gary Millender for quid pro quo sexual harassment, hostile work environment, retaliation, and breach of contract are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 18th day of April, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE