# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**MATTIE ANITA ELAM,**                                                                                                           **PLAINTIFF,**

**VS.**                                             **CIVIL ACTION NO. 2:07CV212-P-A**

**PHARMEDIUM HEALTHCARE CORPORATION**
**and GARY MILLENDER,**                                               **DEFENDANTS.**

## ORDER

These matters come before the court upon the defendants' motion [100] for an extension of time to respond to the plaintiff's motion to reconsider the court's February 18, 2009 order of dismissal and motion [102] to produce the plaintiff's medical records to a psychiatrist for evaluation. After due consideration of the motions, the court finds as follows, to-wit:

The court entered an order on February 18, 2009 dismissing this case with prejudice pursuant to Rules 37 and 41(b) for the plaintiff's failure to comply with the Federal Rules of Civil Procedure and orders of this court as well as for failure to prosecute. The order also required the plaintiff to show cause by March 19, 2009 why she should not have to pay the defendants' attorneys' fees associated with her failures to comply with discovery rules and orders.

On March 4, 2009 the plaintiff's new counsel filed a motion to reconsider the dismissal and the show-cause order, arguing that she has had "recurrent medical and personal problems which have interfered with her work schedule." Thereafter, plaintiff counsel sent the court some medical records evidencing the plaintiff's aforementioned medial and personal problems.

1

On March 13, 2009 the defendants filed their motion for an extension of 30 days to respond to the motion for reconsideration. On March 20, 2009 the defendants also filed a motion to compel the plaintiff to provide copies of the medical records submitted to the court so that they might have them analyzed by their own psychiatrist.

The deadline to respond to the defendants' two motions expired on March 30, 2009 and April 6, 2009, respectively. Neither the plaintiff nor plaintiff's counsel has filed responses to the defendants' motions, nor have they otherwise contacted the court for additional time to do so.

Having considered the defendants' motions, the court concludes that they should be given 30 days to review the plaintiff's medical records since (1) she put those records at issue; (2) it would be unduly prejudicial for the defendants to be required to defend against records to which they have no access; and (3) the plaintiff has not cited any authority prohibiting disclosure of the records under these circumstances.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' motion [100] for an extension of time to respond to the plaintiff's motion to reconsider the court's February 18, 2009 order of dismissal and motion [102] to produce the plaintiff's medical records to a psychiatrist for evaluation are **GRANTED**; therefore,

(2) The plaintiff shall provide the defendants with copies of the same medical records already submitted to the court by April 27, 2009;

(3) The defendants shall have 30 days after receipt of the medical records by which to file their response to the plaintiff's motion for reconsideration; and

(4) The defendants shall keep the subject records private without filing them on the docket and without disseminating them to anyone other than defense counsel of record and their psychiatrist

for review.

        **SO ORDERED** this the 8th day of April, A.D., 2009.

                                            /s/ W. Allen Pepper, Jr.
                                            W. ALLEN PEPPER, JR.
                                            UNITED STATES DISTRICT JUDGE