IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**MATTIE ANITA ELAM,** **PLAINTIFF,**

**VS.** **CIVIL ACTION NO. 2:07CV212-P-A**

**PHARMEDIUM HEALTHCARE CORPORATION**
**and GARY MILLENDER,** **DEFENDANTS.**

## FINAL JUDGMENT

This matter comes before the court upon the plaintiff's motion to reconsider [96] this court's February 18, 2009 Order Dismissing Case and to Show Cause. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The court entered its Order dismissing this case on February 18, 2009. The plaintiff filed her motion to reconsider on March 4, 2009. On that same day, the plaintiff filed a motion for additional time to submit a brief in support of her motion to reconsider. For the purposes of Fed. R. Civ. P. 59(e), the motion to reconsider was filed within 10 days of the judgment since pursuant to Fed. R. Civ. P. 6, the 10-day deadline passed on March 9, 2009 once the date of filing and weekends are subtracted and after adding three for post. Accordingly, the court will construe the instant motion as one to alter judgment pursuant to Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). The Fifth Circuit "has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to

1

present newly discovered evidence." *Templet*, 367 F.3d at 479. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed.1995)).

The Court in *Templet* referenced the case cited by the plaintiff in this case, *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990), *overruled on other grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994), observing:

> In *Lavespere,* this Court recognized that while a district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration, such discretion is not limitless. This Court has identified two important judicial imperatives relating to such a motion: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts. The task for the district court is to strike the proper balance between these competing interests.

*Templet*, 367 F.3d at 479 (internal citations omitted). The Court also referenced that the *Lavespere* factors include: "1) the reasons for the moving party's default; 2) the importance of the omitted evidence to the moving party's case; 3) whether the evidence was available to the non-movant before it responded to the summary judgment motion; and 4) the likelihood that the non-moving party will suffer unfair prejudice if the case is reopened." *Id.* at 478.

Having considered the parties' arguments, the court concludes that the factors weigh in favor of the defendant. It is undisputed that the discovery the plaintiff failed to provide was important for the case and that it was available to her before the defendant filed its motion for Rule 37 sanctions and dismissal. In terms of unfair prejudice, it is undisputed that the defendant has already incurred approximately $20,000.00 "to secure Plaintiff's compliance with the discovery rules and Orders of this Court." Defendant's Brief at 10. Furthermore, reopening the case would obviously prejudice the defendants since the case against them has been dismissed. As to the reasons for the party's

default, the plaintiff argues that "[d]ue to her medical condition, the movant felt completely overwhelmed by this case" and that "[h]er condition was so severe that she was simply not able to function." Plaintiff's Brief at 4. However, the plaintiff filed no reply in opposition to the defendant's response brief wherein the defendant maintains that the plaintiff was able to work as a pharmacist during all relevant times and even received excellent work evaluations from November 2007 to November 2008. The defendant's argument is also undisputed that the plaintiff attended parties and football games during the relevant time periods. Functioning in an important and demanding profession like pharmacy and attending social events therefore belie the plaintiff's allegation that "she was simply not able to function."

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The plaintiff's motion to reconsider [96] is **DENIED**;

(2) The plaintiff's claims remain **DISMISSED WITH PREJUDICE**; and

(3) This case is **CLOSED** with the parties to bear their own costs.

**SO ORDERED** this the 1st day of June, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE